# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3002
_____

Jeffrey Pratt

*Plaintiff - Appellant*

v.

Sheriff Tony Helms, Camden County Sheriff in his official capacity; Lieutenant
Joe Botta; Sheriff's Deputy Bill Mullins; Detective Roger Sloan

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 12, 2023
Filed: July 12, 2023
_____

Before COLLOTON, WOLLMAN, and GRUENDER, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Jeffrey Pratt appeals the district court's grant of summary judgment to the
defendants, officials from the Camden County Sheriff's Department, in his challenge
to their alleged failure to investigate an assault against him.  As to his federal claims,
we vacate the district court's grant of summary judgment and remand with

instructions to dismiss these claims for lack of standing. As to his state law claims, we affirm.

## I.

Pratt alleges he was assaulted by his daughter's ex-boyfriend and the ex-boyfriend's cousin outside his house in Camden County, Missouri, in December 2011. He reported the assault to the Camden County Sheriff's Department the following May. After no charges were brought, Pratt filed a civil suit against the alleged assailants.

While pursuing his civil suit, Pratt claims he discovered that the sheriff's department refused to investigate the assault because the assailants were related to the county's clerk of court. This refusal meant that Pratt could obtain very little evidence of the assault. As a result, Pratt alleges it was impossible for him to pursue his civil suit against the assailants or "discover the illegal actions of the officers in cover[ing] up the crime." He voluntarily dismissed that suit.

Pratt then filed this action against officials in the sheriff's department for claims under 42 U.S.C. § 1983 and the Missouri Constitution. He claimed that the defendants' inadequate investigation deprived him of his equal-protection and due-process rights. The defendants moved to dismiss Pratt's complaint for lack of standing. They also moved for summary judgment. The district court granted summary judgment to the defendants and denied their motion to dismiss as moot. Pratt appeals.

## II.

"[S]tanding is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). The plaintiff bears the burden to allege an injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "To

support standing, an injury must be legally and judicially cognizable." *Va. House of Delegates v. Bethune-Hill*, 580 U.S. ---, 139 S. Ct. 1945, 1953 (2019) (internal quotation marks omitted); *see also Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009) ("'Injury in fact' is an invasion of a legally cognizable right."). "That requires, among other things, that the dispute is traditionally thought to be capable of resolution through the judicial process—in other words, that the asserted injury is traditionally redressable in federal court." *United States v. Texas*, 599 U.S. ---, 2023 WL 4139000, at *4 (June 23, 2023) (internal quotation marks omitted). Whether a plaintiff has shown such an injury often turns on the nature and source of the claim asserted, though it is important not to conflate Article III's requirement of injury in fact with whether a plaintiff has stated a cause of action because the concepts are not coextensive. *Braden*, 588 F.3d at 591.

We have not yet addressed whether a crime victim has standing to sue a government official for an inadequate investigation. However, we have held that a crime victim cannot sue a government official for failing to prosecute his assailant. *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009). In *Parkhurst*, a sexual-abuse victim challenged an official's failure to prosecute the alleged abuser. *Id.* at 864-65. We relied on *Linda R.S. v. Richard D.*, where the Supreme Court stated that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" and therefore lacks standing to sue an official for his alleged failure to prosecute an alleged criminal. 410 U.S. 614, 619 (1973); *see also Texas*, 2023 WL 4139000, at *4 (relying on *Linda R.S.* for the proposition that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution"). We ultimately held that because crime victims have no constitutional right to have their assailants prosecuted, "even when the failure to prosecute was allegedly discriminatory," they have no injury in fact from the nonprosecution of their assailants. *Parkhurst*, 569 F.3d at 865-66.

Applying *Parkhurst*, we conclude that, for purposes of Pratt's federal claims, he lacks standing to challenge the failure to investigate the assault committed against

him. Pratt alleges that the sheriff's department's failure to adequately investigate the alleged assault violated his Fourteenth Amendment rights to equal protection and due process. He alleges that he was treated differently than other crime victims because of the familial relations of his assailants. Though neither *Linda R.S.* nor *Parkhurst* involved allegations of failures to investigate, Pratt has not shown why the failure to investigate here should be treated differently than the failure to prosecute in those cases.[1] *See Lujan*, 504 U.S. at 561 (stating that the party invoking federal jurisdiction must establish standing).

We agree with the Fifth Circuit that, generally, a crime victim lacks standing to sue "based on [an official's] failure to . . . investigate [the alleged assailant]." *See Lefebure v. D'Aquilla*, 15 F.4th 650, 652, 655 (5th Cir. 2021). Like prosecutorial decisions, investigative decisions are generally left to the discretion of the executive branch. *See id.* at 655 ("[I]t is not the province of the judiciary to dictate . . . investigative decisions to the executive branch."); *Flowers v. City of Minneapolis*, 558 F.3d 794, 799 (8th Cir. 2009) ("A police officer's decisions regarding whom to investigate and how to investigate are matters that necessarily involve discretion."); *see also Linda R.S.*, 410 U.S. at 619 (emphasizing "the special status of criminal prosecutions in our system"). And a victim has no constitutional right to an investigation of a crime committed against him—at least where, as here, the victim brings a class-of-one equal-protection claim. *See Flowers*, 558 F.3d at 798-800 (holding that a police officer's investigative decision "may not be attacked in a class-of-one equal protection claim" even by a criminal suspect); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (noting that there is no "statutory or common law right,

---

[1]Pratt argues that *Parkhurst* does not bar his claim because there we noted that a plaintiff may have standing to challenge the failure to provide police protection. *See* 569 F.3d at 866-67. But Pratt does not challenge the sheriff's department's failure to provide police protection; rather, he challenges its failure to investigate a crime.

much less a constitutional right, to an investigation"). Thus, Pratt lacks a legally cognizable injury in fact and has no standing to bring his § 1983 claims.[2]

Pratt also brought claims under the Missouri Constitution. We decline to address those claims because Pratt waived any arguments about them by failing to respond to the portion of the defendants' summary-judgment motion challenging them. *See Paskert v. Kemna-ASA Auto Plaza, Inc*., 950 F.3d 535, 540 (8th Cir. 2020) ("The failure to oppose a basis for summary judgment constitutes waiver of that argument, because the non-moving party is responsible for demonstrating any genuine dispute of material fact that would preclude summary judgment." (internal quotation marks omitted)). Thus, as to the state law claims, we affirm the district court's grant of summary judgment.

## III.

For the foregoing reasons, we vacate the district court's grant of summary judgment as to Pratt's federal claims, remand with instructions to dismiss Pratt's federal claims for lack of standing, and affirm the grant of summary judgment as to the state law claims.

———————————————

[2]Pratt argues that he nonetheless has standing because he alleges a denial of his right to access to the courts. *See Christopher v. Harbury*, 536 U.S. 403, 414-15, 415 n.12 (2002) (noting that the Due Process Clause is one basis for the right to access the courts). But Pratt raises this theory for the first time on appeal. To be sure, Pratt mentions the Due Process Clause in his complaint and alleges that the defendants' actions "ma[de] it impossible for [him] to pursue charges against his alleged assailants." Yet he never pleaded a violation of his right to access the courts, so this theory does not support standing.