# United States Court of Appeals
## For the Eighth Circuit
_____

No. 22-3012
_____

Jane Doe

*Plaintiff - Appellant*

v.

Anoka County; James Stuart, the Anoka County Sheriff in his official capacity;
Detective Larry Johnson

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: November 8, 2023
Filed: February 26, 2024
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Jane Doe appeals the district court's order granting judgment on the pleadings
to defendants, Anoka County, Minnesota, Sheriff James Stuart, and former Detective
Larry Johnson, which held she lacked standing in her lawsuit regarding Anoka
County's alleged failure to test hundreds of rape kits, including her own. Having
jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

"We review *de novo* a grant of 'judgment on the pleadings.'" Henson v. Union Pac. R.R. Co., 3 F.4th 1075, 1080 (8th Cir. 2021) (citation omitted). At this stage, we take the facts alleged by Doe as true and grant all reasonable inferences in her favor. Id.

While the district court largely characterized Doe's Equal Protection claim as a failure to prosecute her assault, and therefore found she lacked standing, see Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973), we understand her claim to be based on the Defendants' alleged failure to timely investigate the crime of sexual assault due to an alleged discriminatory animus against women and girls.

After the parties filed their briefs, we decided Pratt v. Helms, 73 F.4th 592 (8th Cir. 2023). Pursuant to Federal Rule of Appellate Procedure 28(j), Defendants submitted a letter explaining that Pratt supported affirmance of the district court's order. See City of Clarkson Valley v. Mineta, 495 F.3d 567, 569 (8th Cir. 2007) ("[S]tanding is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit."). Doe filed a Rule 28(j) letter explaining that Pratt was inapposite. The case was subsequently submitted on the briefs.

The parties dispute whether Pratt controls the outcome of this case. Accordingly, we find that it would be appropriate to reverse the grant of judgment on the pleadings and remand to the district court to consider Doe's complaint in light of Pratt.

We therefore reverse and remand to the district court for further proceedings consistent with this opinion.

_____